914 So.2d 1090 (2005)
Andrea J. DeMELLO, Individually and as Trustee of the Jerome Adams Trust and Irene V. Adams Trust, Appellant,
v.
Joyce A. BUCKMAN, Appellee.
No. 4D05-1600.
District Court of Appeal of Florida, Fourth District.
November 30, 2005.
*1091 Jay L. Kauffman and James A. Herb of James A. Herb, P.A., Boca Raton, for appellant.
Jay A. Schwartz and Vanessa D. Sloat of Sachs Sax Klein, Boca Raton, for appellee.
SHAHOOD, J.
This case involves an appeal from an indirect civil contempt order. We reverse.
*1092 Appellant, Andrea DeMello, and appellee, Joyce Buckman, are sisters and the sole beneficiaries of two trusts established by their parents, Jerome and Irene Adams. Jerome Adams died on September 17, 1998. Irene Adams and DeMello were co-trustees of that trust. On October 6, 1999, Irene Adams died, and DeMello became the sole trustee of both trusts. At the time of her death, the Trust assets included a commercial building in West Hartford, Connecticut.
In 2001, Buckman filed an action against DeMello alleging breach of trust and fiduciary duty, specific performance, accounting, personal liability for self-dealing, willful conduct and breaches of trust, and removal of DeMello as Trustee. Specifically, she alleged that DeMello engaged in maladministration of the Trusts, breached her fiduciary duties, engaged in acts of self-dealing and conflicts of interest that personally benefited both herself and her husband, wasted trust assets, and failed to timely distribute trust assets to Buckman.
A final judgment was entered in favor of Buckman on August 3, 2003, ordering, inter alia, DeMello's immediate removal as trustee and Buckman's appointment as successor trustee.[1] The removal of DeMello as Trustee was affirmed by this court on appeal. See DeMello v. Buckman, No. 4D03-3759, ___ So.2d ___, 2005 WL 2990487 (Fla. 4th DCA Nov.9, 2005).
As to the Connecticut property, the final judgment stated the following in relevant part:
9. The Court finds that Defendant, ANDREA DEMELLO, had a conflict of interest acting as trustee with regard to the Connecticut real property. The sole tenant in this property was Industrial Spraying Inc., a business owned by Defendant's husband. Additionally, Defendant, ANDREA DEMELLO, was an officer and director of this company during her term as trustee.
. . . .
Having made the above findings of fact it is ORDERED AND ADJUDGED:
. . . .
3. Defendant, ANDREA DEMELLO, is forthwith removed as trustee of both trusts.... Defendant is prohibited from paying any further debts, bills or liabilities except real estate taxes and insurance on the Connecticut property if they become due within the next fifteen (15) days.... All further rent payments for the Connecticut property shall be deposited into the trust accounts.
On October 2, 2003, the court entered an Order on Plaintiff's Motion to Enforce Final Judgment and Defendant's Motion for Stay Pending Appeal. In denying the stay, the court ordered that the Connecticut property be transferred into both parties' names and be immediately listed for sale. It also stated "[a]ll rents from the Connecticut property from the date of the Final Judgment forward shall be deposited into the Court Registry until final resolution of the appeal."[2]
On July 19, 2004, Buckman moved to require rent payments, alleging that DeMello and Industrial Spraying[3] failed to *1093 pay rent for the months of May 2004, June 2004 and July 2004 in accordance with the terms of the final judgment. Buckman claimed that DeMello and her husband were the owners, officers and directors of Industrial Spraying.[4] The trial court granted the motion and ordered DeMello to pay the May, June and July rents into the Court Registry no later than fifteen days from the date of the order dated July 26, 2004.
On February 15, 2005, the trial court denied Buckman's motion for contempt, but ordered that the final judgment and all prior orders dealing with the payment of rent into the Court Registry shall be complied with within seven days and that if payment was not made, the court would consider sanctions. Following non-payment, Buckman filed a Fifth Motion for Contempt and Sanctions. In response, DeMello stated that the Final Judgment did not obligate her to make rental payments as she was not the tenant of the Connecticut Property and had never been obligated to make such payments. She further contended that none of the court's prior orders required her to make payments, and, therefore, she could not be held in contempt for failure to pay rent into the Court Registry. At a hearing on the motion, DeMello argued that Buckman failed to present any evidence, other than by argument, that the court's orders directed her to pay or that she had the ability to pay.
The court granted Buckman's Fifth Motion for Contempt and Sanctions and held DeMello in indirect civil contempt for her willful and wanton failure to comply with the court's prior orders. DeMello was ordered to pay $15,190 within five days from the date of the order and the court found that she had the ability to purge. Further, the court assessed attorney's fees against DeMello regardless of her ability to pay the purge amount, struck her pleadings and entered a default against her.
A judgment of contempt comes to the appellate court clothed with a presumption of correctness and will not be overturned unless a clear showing is made that the trial court either abused its discretion or departed so substantially from the essential requirements of law as to have committed fundamental error. See Northstar Invs. & Dev., Inc. v. Pobaco, Inc., 691 So.2d 565, 565 (Fla. 5th DCA 1997). However, this court, in a specially concurring opinion, stated that "[a] judge cannot base contempt upon noncompliance with something an order does not say." See Keitel v. Keitel, 716 So.2d 842, 845 (Fla. 4th DCA 1998). Under such circumstances, the standard of review is legal error, not abuse of discretion. See id.
When a final judgment or order is not sufficiently explicit or precise to put the party on notice of what the party may or may not do, it cannot support a conclusion that the party willfully or wantonly violated that order. See Keitel, 716 So.2d at 844 (mother's relocation out of state with children could not serve as a basis for order of civil contempt where the final judgment of dissolution did not contain an express provision prohibiting the relocation). Even though a judgment of contempt is clothed with a presumption of correctness, one may not be held in contempt of court for violation of an order or a provision of a judgment which is not clear and definite so as to make the party aware of its command and direction. See id.; see also Lawrence v. Lawrence, 384 *1094 So.2d 279, 280 (Fla. 4th DCA 1980). Prior to assessing contempt sanctions for a violation of a court order, the trial court must first have issued a clear and unambiguous order or otherwise clearly established for the record the standards of conduct required by the court. See Carnival Corp. v. Beverly, 744 So.2d 489, 496-97 (Fla. 1st DCA 1999). Implied or inherent provisions of a final judgment cannot serve as a basis for an order of contempt. See Keitel, 716 So.2d at 844. Courts should be explicit and precise in their commands and should only then be strict in exacting compliance. See Lawrence, 384 So.2d at 280.
In this case, like Keitel, based on the wording of the final judgment, DeMello cannot be held in contempt for noncompliance. The Final Judgment was against DeMello. Industrial Spraying, the tenant of the Connecticut property, and legal obligor to pay rent, was not a party to the action. It is well-settled that civil contempt cannot be applied against non-parties. See Shook v. Alter, 729 So.2d 527, 528 n. 1 (Fla. 4th DCA 1999). Neither the final judgment nor any of the subsequent orders find that DeMello was legally obligated to pay rent on behalf of Industrial Spraying nor was she ordered to pay the rent.
No evidence was ever presented that DeMello, a one-time director of the company, controlled the corporation or was personally or legally liable in her corporate capacity for the actions of the corporation, a non-party to the action, or that she was a guarantor under the lease. While it is undisputed that Industrial Spraying was owned by DeMello's husband and the court found that she engaged in self-dealing, that alone cannot serve as a basis for violation of a court order. Implied or inherent provisions of a final judgment cannot serve as a basis for an order of contempt. See Keitel, 716 So.2d at 844. All subsequent orders requiring payment into the Court Registry presuppose that the final judgment directly and precisely ordered payment by DeMello. It did not. Since DeMello had no legal duty to pay rent, the final judgment could not and did not specifically name her as the person obligated to pay the rent. Accordingly, the contempt order must be reversed. Likewise, we reverse the court's assessment of attorney's fees and costs associated with the contempt proceedings.
Reversed and Remanded.
STEVENSON, C.J., and POLEN, J., concur.
NOTES
[1] DeMello appealed the final judgment. This court affirmed in part, reversed in part, and remanded for further proceedings consistent with its opinion. See DeMello v. Buckman, No. 4D03-3759, 916 So.2d 882, 2005 WL 2990487 (Fla. 4th DCA Nov.9, 2005).
[2] In DeMello, this court held that the trial court did not have jurisdiction to order the sale of the Connecticut property. See DeMello v. Buckman, No. 4D03-3759, 916 So.2d 882, 2005 WL 2990487 (Fla. 4th DCA Nov.9, 2005).
[3] It is undisputed that Industrial Spraying has been the only tenant on the Connecticut property for the last twenty years.
[4] During that time, Industrial Spraying brought suit against the Trustee in Connecticut alleging that the Trust, as obligor under the lease agreement, was required to make various repairs to the exterior of the building which it did not.