RAMIREZ, J.
Claudia Rojo (former wife) appeals from an order finding her in contempt for failing to transfer certain properties to Rodolfo Rojo (former husband) and to have the parties’ minor child travel to Mexico to be with her father. We affirm in part, re *1261 verse in part, and remand for further proceedings.
The parties’ marriage was dissolved by a dissolution judgment entered in August 2009. Former husband was awarded five properties in Mexico, which former wife was ordered to transfer within 90 days of the judgment. The dissolution judgment also provided primary residential custody of the parties’ two children to former wife, with former husband to have timesharing in Mexico during summer and winter vacations.
In November 2010, the trial court heard former husband’s first motion to compel former wife’s compliance with the dissolution judgment. The trial court entered an order denying contempt for failure to transfer the properties because former wife was actively working on the matter. After speaking with the parties’ older child, the trial court acknowledged that any attempt at reunification between this child and her father would be fruitless. However, the trial judge indicated his unwillingness to give up on a possible relationship between the younger child and her father. Accordingly, the trial court ordered that “arrangements ... be made for the younger child ... to travel to Mexico at the father’s expense for no less than one half of the 2010 school winter ... break.” The trial court also stated that former wife “may accompany the child at her own expense.”
When all the properties were not transferred to him and the child did not travel to Mexico as ordered, former husband again moved for contempt. Former husband’s motion was amended and noticed for hearing several times, with the final notice setting a May 10, 2011 hearing. Former wife objected to the scheduled fifteen-minute hearing, and instead requested a one-hour evidentiary hearing. The trial court denied former wife’s objection and went on to hear former husband’s pending motions on proffered testimony.
Regarding the contempt for failure to transfer the properties, counsel for former wife argued that the court should consider testimony from the former wife’s Mexican lawyer and first decide who should pay for certain fees associated with the property transfer. Counsel also explained the reason for the minor child not traveling to Mexico. Counsel told the court that when former wife took the parties’ minor child to the airport for her flight to Mexico, the child refused to board the plane, became hysterical, and airline personnel stated the child could not travel under these circumstances. The trial court nevertheless found former wife in contempt for both failing to transfer the properties and not sending the minor child to Mexico. The trial court imposed a $100 per day penalty for each day former wife delays in transferring the properties, and an additional $100 per day penalty for each day’s delay in sending the minor child to her father beginning five days after the end of the school term.
A trial court’s contempt judgment “comes to the appellate court clothed with a presumption of correctness” which should not “be overturned unless a clear showing is made that the trial court either abused its discretion or departed so substantially from the essential requirements of law as to have committed fundamental error.” DeMello v. Buckman, 914 So.2d 1090, 1093 (Fla. 4th DCA 2005). However, where the trial court’s contempt order is based on a party’s failure to follow an order which does not clearly state what must be done, the standard of review is legal error. Id.
To ensure the orderly administration of justice, Florida courts have the inherent power to hold parties in contempt *1262 for intentionally failing to obey a court order. See § 38.22, Fla. Stat. (2010); Parisi v. Broward Cnty., 769 So.2d 359 (Fla.2000). This contempt power, however, should be exercised cautiously. Smith v. State, 954 So.2d 1191 (Fla. 3d DCA 2007). Generally, when the primary purpose is to obtain compliance with a court order, the proceeding is remedial in nature and is a civil contempt. Dep’t of Children & Families v. R.H., 819 So.2d 858, 861 (Fla. 5th DCA 2002). Any sanction imposed “is coercive in nature and is avoidable through obedience.” Id. (quoting Amends, to Fla. Family Law Procedure, 723 So.2d 208, 213 (Fla.1998)).
Several requirements must be met before finding a person in contempt for failing to obey a court order. First, the order giving rise to the contempt proceedings “must be one which clearly and definitely makes the person aware of its command.” Smith, 954 So.2d at 1194. Secondly, the trial court must find that the person has the ability to comply with the court order. R.H., 819 So.2d at 862. Finally, where the trial court imposes a coercive fine, “the court must consider the financial resources of the contemnor in setting the amount of the fine.” Parisi, 769 So.2d at 366.
Applying these principles to this case, we find no abuse of discretion regarding the contempt entered for former wife’s failure to transfer the properties to former husband. The trial court gave former wife ample time to effectuate the transfers, and postponed for later consideration the issue of each party’s liability for any costs associated with the transfers. Accordingly, we affirm the finding of contempt for former wife’s failure to transfer the properties to former husband. Conversely, we conclude that the trial court abused its discretion in finding former wife in contempt for the minor child’s failure to travel to Mexico. In this instance, the trial court’s order directing that the child travel to Mexico did not specifically command former wife to accompany the child. Thus, former wife cannot be found in contempt for not personally escorting the child to Mexico. Moreover, under the circumstances, there was no showing former wife had the ability to get her child to Mexico as the uncontradicted testimony was that the airline would not accept the child in her hysterical state. Therefore, we reverse the contempt for the child’s failure to travel to Mexico.
Lastly, we reverse the $100 per day penalty imposed for former wife’s failure to transfer the properties because the trial court did not determine former wife’s ability to pay this amount. On remand, the trial court should consider former wife’s financial resources and determine what amount to impose as a sanction for contempt, including those previously ordered if warranted. Finally, we sympathize with the difficult task the trial court confronted in this case and commend the judicial restraint it has exercised throughout the long, acrimonious history of this couple’s lack of cooperation.
Affirmed in part, reversed in part, and remanded for further proceedings.