PER CURIAM.
This is an appeal of a Final Administrative Support Order by the Department of Revenue on behalf of Shemata S. Walker. The order was rendered on May 17, 2013, and erroneously allowed Sedrick L. Cody a deduction from his gross income for a pri- or child support order that he was not paying. Section 61.30(3)(f) provides that “[c]ourt-ordered support for other children which is actually paid” is an allowable deduction from gross income for purposes of calculating net income available for child support. § 61.30(3), Fla. Stat. (2013) (emphasis added). See also Undercuffler v. Undercuffler, 798 So.2d 867, 869 (Fla. 4th DCA 2001) (reversing child support calculation which included a deduction for court-ordered support where no evidence was presented that the husband was currently paying that obligation); Copeland v. Copeland, 667 So.2d 487-88 (Fla. 1st DCA 1996) (“The language of 61.30(3) was intended to permit only those items listed in the statute as deductions from gross income.”).
Until and unless Cody actually pays his child support for his other child, he is not permitted a deduction. We REVERSE and REMAND for a recalculation of the child support guidelines.
BENTON, SWANSON, and OSTERHAUS, JJ., concur.