Barry ALFRED, Appellant,

v.

**DEPARTMENT OF REVENUE, on behalf of Venetta Facey, Appellee.**

No. 4D15–4247.

District Court of Appeal of Florida, Fourth District.

Nov. 30, 2016.

Barry Alfred, Lighthouse Point, pro se.

Pamela Jo Bondi, Attorney General, and Toni C. Bernstein, Assistant Attorney General, Tallahassee, for appellee.

FORST, J.

Appellant Barry Alfred appeals the trial court's order adopting a Department of Revenue ("the Department") hearing officer's recommendation that Appellant committed civil contempt in willfully failing to pay child support. As acknowledged by the Department, the trial court erred in adopting the hearing officer's report, as it was bereft of pertinent findings of fact. Accordingly, we reverse the trial court, and remand for an evidentiary hearing on the matter.

## Background

The Department filed a motion to hold Appellant in contempt for failure to pay child support. The following month, a hearing officer held a hearing on the motion for contempt. Appellant failed to appear at the hearing. No evidence was taken or testimony presented on the cen-

tral issues: whether Appellant had failed to make his support payments and how much he was in arrears. Nonetheless, the hearing officer held Appellant in civil contempt. The trial court adopted the recommendation of the hearing officer in its order.

Appellant appealed the order, arguing the trial court erred in adopting the recommendations of the hearing officer. The Department confessed error, acknowledging that the trial court's findings are not supported by competent and substantial evidence and "the Amended Order and Recommended Order on Contempt must be reversed and vacated."

### Analysis

■ This Court reviews a trial court's finding of contempt for abuse of discretion. *Wilcoxon v. Moller*, 132 So.3d 281, 286 (Fla. 4th DCA 2014); *see also DeMello v. Buckman*, 914 So.2d 1090, 1093 (Fla. 4th DCA 2005).

■ We hold the trial court abused its discretion in finding Appellant in civil contempt. For civil or criminal contempt cases, "a party cannot be held in contempt for non-compliance with a court order if the party did not have the ability to comply with the court order. Thus, before imposing contempt sanctions, a trial court must make an *affirmative finding* that the contemnor had the ability to comply...." *Wilcoxon*, 132 So.3d at 287 (emphasis added) (citation omitted).

■ "[A] prior judgment establishing the amount of support or alimony to be paid creates a presumption that the defaulting party has the ability to pay that amount." *Bowen v. Bowen*, 471 So.2d 1274, 1280 (Fla.1985). Once the presumption is created, "[t]he burden of producing evidence then shifts to the defaulting party, who must dispel the presumption of ability to pay...." *Id.* at 1278. Should the

court find that the defaulting party had the ability to pay, "[t]he court must then evaluate the evidence to determine whether it is sufficient to justify a finding that the defaulting party has willfully violated the court order." *Id.* at 1279.

■ Here, by failing to appear at the hearing on the motion for contempt, Appellant failed to dispel the presumption that he had the ability to pay. However, the hearing officer erred in finding that Appellant willfully violated the court order to pay child support. As the Department confessed, "no evidence was presented to show that Appellant had not paid his support so that he could be held in contempt. Nor was any evidence presented to establish the arrears owed as adjudicated in the order." As such, the trial court abused its discretion by adopting the hearing officer's recommendation.

■ As a final matter, Appellant in his initial brief argues that this Court should "[i]ssue an Order of Prohibition barring the HO Michael Sullivan and Judge Merrillee Ehrlich from any further judicial labor in this matter." He also asks this Court to "[o]rder compensation for fees and costs associated with improper arrest and detention," among other things. There is no evidence in the record that Appellant filed a motion to recuse. Moreover, he failed to preserve any other issues for appellate review. *See generally Aills v. Boemi*, 29 So.3d 1105 (Fla.2010) (issues not raised in the lower court are waived on appeal unless the error is fundamental). We therefore need not, and in fact cannot, address these secondary requests.

### Conclusion

Because the trial court reversibly erred by relying on the hearing officer's recommendation which was not supported by competent and substantial evidence, we re-

verse the trial court's order and remand for an evidentiary hearing on the issue. We deny all other requests for relief made by Appellant in his initial brief.

*Reversed and remanded.*

TAYLOR, and KLINGENSMITH, JJ., concur.