# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4595
_____

DEPARTMENT OF REVENUE, on
behalf of STEPHANIE DIANE
MCMILLAN,

     Appellant,

     v.

MCMORRIS VINCENT MAGLOIRE,

     Appellee.

_____

On appeal from Division of Administrative Hearings.
Robert L. Kilbride, Judge.

September 20, 2018

PER CURIAM.

The Department of Revenue challenges a final administrative support order asserting that the Administrative Law Judge (ALJ) erred in calculating child support and retroactive child support. We affirm the ALJ's award of child support, but we reverse the award of retroactive child support.

The Department first argues that the ALJ miscalculated the amount of child support because he failed to credit the mother, Stephanie McMillan, the entire amount she pays for her own health care. However, the record shows that the ALJ credited her

with the proper amount for her health and dental insurance; thus, this argument is without merit.

Next, the Department argues that the ALJ used an incorrect amount for the insurance costs of the father, McMorris Magloire, and failed to credit him for the amount he pays for health insurance for himself, his current wife, and his son. But the Department does not explain how this alleged error adversely affects it or the mother. Instead, Magloire, the party affected by the alleged error, did not object to the trial court's calculation of his insurance costs, did not appeal the support order, and did not file any brief in this Court. Thus, because the alleged error was not preserved for review, Magloire would not be entitled to relief even if he had appealed. *See Alfred v. Dep't of Revenue*, 204 So. 3d 583, 585 (Fla. 4th DCA 2016). Moreover, the Department could not raise the unpreserved error on Magloire's behalf. "An appellant cannot 'concede error' on behalf of the appellee when that error has never been raised by appellee." *Dep't of Revenue v. Lopez*, 43 Fla. Law Weekly D1753 (Fla. 1st DCA Aug. 1, 2018) (Winokur, J., concurring). Thus, we reject this concession of error.

Finally, the Department argues that the ALJ erred in calculating Magloire's retroactive child support. Section 61.30(3)(f), Florida Statutes (2017), provides that "[c]ourt-ordered support for other children which is actually paid" is an allowable deduction from gross income for purposes of calculating net income available for child support. Here, the ALJ applied the deduction to an eight-month period of time before the support order for Magloire's other children went into effect. Further, there is no indication in the record that Magloire actually made these support payments for his other children, a prerequisite to receiving the deduction. *See Dep't of Revenue ex rel. Walker v. Cody*, 131 So. 3d 823 (Fla. 1st DCA 2014). For these reasons, we reverse the portion of the order awarding retroactive child support and remand for recalculation of the retroactive child support award.

AFFIRMED in part, REVERSED in part, and REMANDED.

WETHERELL, ROWE, and WINOKUR, JJ., concur.

2

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Pamela Jo Bondi, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General, Tallahassee, for Appellant.

No appearance for Appellee.