# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D22-2800
LT Case No. 2020-DR-027023

_____

JAMIE JOHNSON,

    Appellant,

    v.

KATARZYNA JOHNSON,

    Appellee.

_____

On appeal from the Circuit Court for Brevard County.
Jigisa Patel-Dookhoo, Judge.

Robert Scott Hannan, of Law Offices of Robert S. Hannan, P.A.,
Indian Harbour Beach, for Appellant.

Adam M. Bird and Lesley-Anne Marks, of WhiteBird, PLLC,
Melbourne, for Appellee.

April 12, 2024

WALLIS, J.

In this pending dissolution of marriage case, Jamie Johnson ("Husband") timely appeals two nonfinal orders: an order enforcing prior temporary support orders and a corresponding income deduction order. We have jurisdiction because the orders grant Katarzyna Johnson ("Wife") the right to immediate monetary relief. Fla. R. App. P. 9.130(a)(3)(C)(iii)a. Because the orders on appeal were not supported by evidence, granted relief

not requested, and misstated Husband's support obligation, we reverse.

## Husband's Temporary Support Obligations

Husband and Wife were married in 2004. They have two minor children. In May 2020, Husband petitioned for dissolution of marriage. Wife filed an answer and counterpetition seeking alimony, child support, and attorney's fees.

On May 5, 2021, the trial court (predecessor Judge Robert Segal) entered an Agreed Order on Motion for Temporary Relief ("May 2021 order"), in which it found that Husband had the ability to pay and Wife had a need for "the alimony agreed to herein." Accordingly, the court ordered Husband to "pay directly to Wife" $1,200 in temporary monthly alimony and $295 in child support, beginning April 1, 2021. In a handwritten notation, the court stated that the Child Support Guidelines Worksheet ("Guidelines Worksheet") was "attached hereto*" rather than filed with the clerk. The asterisk in the notation referenced the following handwritten statement at the bottom of the order:

> * Wife's financial affidavit income increased by $1,453 to account for alimony ($1,200) plus health insurance paid by Husband for Wife ($253). Husband's income adjusted accordingly.

The Guidelines Worksheet included in Wife's monthly gross income "Alimony from this case per month" of $1,453. Thus, the May 2021 order reflected monthly spousal support of $1,200 to be paid directly to Wife and it acknowledged that Husband was also paying Wife's health insurance premiums of $253, but the attached Guidelines Worksheet combined those two figures to reflect alimony of $1,453 per month.[1]

---

[1] Based on this discrepancy, the parties disagreed below, and continue to disagree on appeal, about the amount of temporary monthly alimony and total amount of temporary alimony and support Husband was required to pay directly to Wife. Husband argues he was ordered to pay $1,200 in alimony and $295 in child support for a total monthly support obligation of $1,495. He also

2

**Wife's First Motion for Enforcement and Contempt**

In January 2022, Wife filed a motion for enforcement and contempt alleging nonpayment of temporary alimony and child support. The Court heard this motion on April 28, 2022. Although Wife concedes that this hearing was not transcribed, she asserts that the trial court verbally ordered Husband to immediately resume monthly spousal support and child support obligations, as ordered by the trial court in its May 5, 2021 Order, "in the total amount of $1,748.00 per month." Wife bases this assertion on the "undersigned counsel's notes from the hearing."

---

acknowledges the court's handwritten notation reflecting "Husband's payment of her health insurance in the amount of $253.00," but does not include that amount in the total amount of support payable to Wife. Wife argues the court "ordered that Husband directly pay Wife temporary spousal support in the amount of $1,453.00 each month beginning on April 1, 2021, which was comprised of $1,200.00 per month in alimony and $253.00 per month *to reimburse Wife for health insurance premiums*." She bases this assertion on the handwritten notation at the bottom of the May 2021 order and the $1,453 reflected for alimony in the Child Support Guidelines Worksheet. To that amount, she adds $295 in child support for a total monthly obligation of $1,748 "to be paid by Husband to Wife."

The court's handwritten notation is consistent with Husband's interpretation because it indicates that Wife's health insurance was being "paid by Husband for Wife." That was a reflection of the parties' agreement, not an order of additional support to be paid to Wife to reimburse her for health insurance premiums that she was paying. In a subsequent order on September 1, 2021, the trial court clarified that "[o]n May 5, 2021, this Court entered an Order awarding Respondent temporary alimony in the amount of $1,200.00 per month and child support in the amount of $295.00 per month, for a total of $1,495.00 per month, beginning on April 1, 2021."

However, on June 21, 2022, the court entered an Order on Respondent's Motion for Contempt and Enforcement, which does not support Wife's assertion. The court found that Husband had "willfully violated this Court's Order dated September 1, 2021 wherein he was ordered to resume alimony and child support obligations after November 4, 2021 and he did not make any payments to date." It then ordered Husband to "immediately resume alimony and child support payments as ordered by the Court on May 5, 2021," but did not state the amount of alimony and child support established in that order. The court also found that Wife was entitled to the immediate entry of an income deduction order, which the court would enter separately, but the court did not enter a separate income deduction order. Finally, the court reserved jurisdiction on the amount of Husband's arrearages.

**Wife's Second Motion for Enforcement and Contempt**

Just three days after this contempt order, on June 24, 2022, Wife filed a second motion for enforcement and contempt again alleging Husband's nonpayment of temporary alimony and child support. Although she acknowledged that the May 2021 order required Husband to pay her "temporary alimony in the amount of $1,200.00" per month, she claimed that on April, 28, 2022, the predecessor judge "verbally ordered [Husband] to immediately resume alimony and child support obligations as ordered by the Court on May 5, 2021 in the total amount of $1,748.00 per month." Wife alleged that Husband had failed to comply with previous court orders by not resuming his temporary alimony and child support payments. She did not allege the amount of arrearages owed by Husband. She requested that the court find Husband in contempt, order him to pay his "outstanding alimony and child support obligations," and enter an income deduction order to ensure payment of child support and alimony obligations.

On September 19, 2022, the court (successor Judge Jigisa Patel-Dookhoo) heard Wife's second contempt motion. *Neither party presented any testimony or other evidence at the hearing.* Instead, the court heard arguments by the parties' attorneys. At the beginning of the hearing, Husband objected to proceeding further because, inter alia, the motion failed to specify the amount

4

of arrears owed. The court allowed Wife to proceed with her motion.

Wife argued that the evidence supporting her motion had already been accepted by the predecessor judge at the July 6 hearing on Husband's second motion to modify or terminate support. She also noted that the predecessor judge had previously found Husband in contempt for not paying and had reserved jurisdiction to determine the amount of arrears. Wife asserted that she was simply trying to enforce the prior contempt order because Husband was not paying all his obligations. She was not there to litigate the arrearage amount.

The parties argued about the amount of Husband's monthly obligations. Husband argued that the May 2021 order required him to pay $1,200 in temporary alimony and $295 in child support, for a total monthly obligation of $1,495. Wife argued that he owed those amounts plus $253 for Wife's health insurance, for a total monthly obligation of $1,748. Wife was seeking all three amounts because Husband was no longer paying any of them.

When the court asked Wife's attorney how much Husband owed in arrearages, her counsel responded, in part:

> Again, depends on your calculation, Your Honor. We had—Judge Segal reserved on the arrearage, which we still need to come back before the Court. We're not here today to talk about the arrearage, Your Honor. We're here to get payments coming in for the client.
>
> So that's what our order for enforcement and contempt is, is for an order to get the 1,495. We think it's 1,700 and add the 253, because he was credited for the $253. His income was reduced by $253 for wife's health insurance. So that was a measure of spousal support because it was insurance being paid by Mr. Johnson for my client. That's why that number is included. That's why we have $1,748 because he's no longer paying that. So that's where that number comes from.

Wife's attorney reiterated that Wife was seeking to get Husband to start paying his obligations and not seeking to litigate the amount of arrearages owed. He stated, "[T]he arrearage is a separate issue. We're going to have to address that separately. I understand that."

After hearing the parties' arguments, the court requested written closing arguments from each party detailing the "amount that's being sought for the amount that [Husband was] currently behind . . . ." Husband's attorney objected that "there's been no testimony from my client as to present ability to pay whether his nonpayment is willful."

In his closing argument, Husband argued, inter alia, that: (1) Wife misstated Husband's monthly support obligations; (2) Wife failed to allege the amount of his arrearages; and (3) there was no evidence presented at the hearing for the court to rule on Wife's contempt motion. In her closing argument, Wife reiterated that she was not seeking to establish the amount of arrearages owed, as that would require an evidentiary hearing. Instead, she was seeking:

> (a) yet another order enforcing [Husband's] monthly temporary support obligation and finding [Husband] in willful contempt for his failure to comply therewith, (b) directing [Husband] to immediately and continuously pay to [Wife] $1,453 in temporary alimony and $295 in temporary child support per month, and (c) finding [Wife] is entitled to recover from [Husband] her reasonable attorneys' fees and costs incurred in relation to her Second Motion to Enforce and the proceedings thereon.

**Orders on Appeal**

On October 28, 2022, the court entered the two orders now being appealed: (1) an Order on Respondent's Motion for Enforcement and For Contempt of Orders Dated September 1, 2021 and June 21, 2022 ("Enforcement Order"); and (2) an Income Withholding for Support and Florida Addendum ("Income Deduction Order"). In the Enforcement Order, the court first

6

characterized Husband's obligations established in the May 2021 order consistent with Wife's interpretation, stating that Husband "was ordered on May 5, 2021 to pay temporary alimony to the Respondent in the amount of $1,453.00 each month beginning on April 1, 2021 which was comprised of $1,200.00 per month in spousal support and $253.00 per month to reimburse Respondent for insurance premiums." It added that the May 2021 order also required Husband to pay Wife $295.00 per month in child support." The court further found that at the April 28, 2022 hearing on Wife's first motion for enforcement and contempt, the court found that the predecessor judge had "verbally ordered the Petitioner to immediately resume alimony and child support obligations as previously ordered by the Court on May 5, 2021 in the total amount of $1,748.00 per month." The court acknowledged that Husband's counsel "raised arguments that the Motion did not encapsulate the entire amount owned by him. However, the Court relies on Judge Segal's prior Order to determine the total arrearage amount."

Regarding nonpayment, the court found that Husband had "failed to resume the temporary alimony and child support payments on or about November 5, 2021 and in the months thereafter." It also found that Husband had failed to comply with its prior orders "dated May 5, 2021, September 1, 2021, verbally given on April 28, 2022," and June 21, 2022, "by not resuming payments of the monthly alimony and child support obligations in the total amount of $1,748.00 per month."

The court found that Husband had the present ability to pay these obligations based on a previous order denying Husband's second motion to modify or terminate his temporary support obligations. However, it also stated, "The Court does not find Respondent in willful contempt and does not make any findings concerning Respondent's ability to pay."

Based on those findings, the court ordered Husband to "immediately resume making monthly alimony and child support payments as previously ordered by this Court on May 5, 2021, April 28, 2022, and June 21, 2022." It also ordered "the entry of an Income Withholding Order reflecting that Petitioner shall pay 20% of the arrearages totaling $18,556.00, in addition to $1,453.00

7

in temporary alimony and $295.00 in temporary child support per month until the outstanding arrearage amount is paid in full."

In a separate Income Deduction Order, the court ordered a total of $5,464.45 to be deducted from Husband's monthly income. That amount included $295 for current child support, $262 for past-due child support, $1,453 for current spousal support, $3,449.20 for past-due spousal support, and a $5.25 Florida Disbursement Unit Fee.

**Discussion**

Orders on motions for contempt are presumed correct unless there is no competent, substantial evidence in the record to support them. *Finch v. Cribbs*, 376 So. 3d 63, 68 (Fla. 1st DCA 2021), *as clarified on denial of reh'g* (Nov. 2, 2022). In a civil contempt proceeding for failure to pay child support or alimony, the movant must show that a prior court order directed the party to pay the support or alimony, and that the party in default has failed to make the ordered payments. *Bowen v. Bowen*, 471 So. 2d 1274, 1278 (Fla. 1985).

Husband correctly asserts that the orders on appeal must be reversed for two reasons. First the trial court denied Husband due process by determining the amount of arrearages owed and ordering him to pay them when that relief was not sought by Wife. *See, e.g.*, *Cruz v. Matos*, 356 So. 3d 251, 252–53 (Fla. 4th DCA 2023) (reversing contempt judgment because court's calculation and assessment of arrearages was done on its own initiative, rather than requested by party or tried by consent; noting that granting relief not requested violates due process); *Wallace v. Wallace*, 605 So. 2d 504, 505 (Fla. 4th DCA 1992) ("Because the wife's motion did not request the relief awarded, and the wife submitted no evidence on this issue, it was error to award such relief."). Wife did not allege the amount of arrearages owed in her enforcement motion. At the hearing, Husband's counsel objected to lack of notice of the arrearages issue. Even after the court allowed Wife to proceed, Wife's counsel could not give the court the amount owed and he repeatedly argued that Wife was not seeking to litigate the amount of arrearages owed. Accordingly, the trial court erred by

8

determining the amount of arrearages and ordering withholding of arrearages when that relief was not noticed or requested by Wife.

Second, the orders on appeal were not supported by competent, substantial evidence. Because Wife failed to present any evidence at the hearing, she necessarily failed to meet her burden of proving that he failed to pay the required obligations. *See Bowen*, 471 So. 2d at 1278. Although the May 2021 order established Husband's obligation to pay temporary alimony and child support, Wife incorrectly alleged in her motion and argued at the hearing that that order obligated Husband to pay $1,453 per month in alimony instead of $1,200. However, as we previously discussed in Footnote 1, the May 2021 order only required Husband to pay Wife $1,200 per month in temporary alimony. While the May 2021 order recognized Husband's agreement to also pay $253 in monthly premiums for Wife's health insurance, it did not order him to pay that amount directly to Wife as reimbursement for those premiums. Although the May 2021 order could have been clearer on this point, the court's subsequent order on September 1, 2021, clarified that the May 2021 order directed Husband to pay "temporary alimony in the amount of $1,200.00 per month and child support in the amount of $295.00 per month, for a total of $1,495.00 per month."

Husband's payment of Wife's health insurance premiums was a separate obligation necessitating a different remedy for failure to pay. Specifically, Wife's remedy for Husband's nonpayment of her health insurance premiums is not arrearages for the amount of nonpayment. It is the amount of out-of-pocket medical expenses Wife incurred from being uninsured during the time Husband was obligated to pay her insurance premiums. *See Bishop v. Bishop*, 667 So. 2d 246, 246 (Fla. 1st DCA 1995) (affirming portion of contempt order finding Husband failed to pay children's health insurance premiums and ordering him to pay their incurred medical expenses). Consequently, the trial court's finding that the May 2021 order required Husband to pay $1,453 in temporary monthly alimony, "which was comprised of $1,200.00 per month in spousal support and $253.00 per month to reimburse [Wife] for insurance premiums," is not supported by the May 2021 order. *Cf. DeMello v. Buckman*, 914 So. 2d 1090, 1093 (Fla. 4th DCA 2005) ("A judge cannot base contempt upon noncompliance with

something an order does not say." (quoting *Keitel v. Keitel*, 716 So. 2d 842, 845 (Fla. 4th DCA 1998) (Farmer, J., concurring))).

The court's reliance on the predecessor judge's alleged verbal order on April 28, 2022, to pay $1,748 per month was also error because Wife presented no evidence of this alleged verbal order. Wife concedes on appeal that the April 28, 2022, verbal order was not transcribed and the predecessor judge's subsequent order of June 21, 2022, does not contain any such finding. Thus, the successor judge's finding that the predecessor judge gave such a verbal order was based on Wife's attorney's argument at the hearing, which in turn was based on his notes from the prior hearing. Neither an attorney's notes from a prior hearing nor his arguments to the court is evidence. *See, e.g.*, *Reese v. Reese*, 363 So. 3d 1202, 1207 n.3 (Fla. 6th DCA 2023). Accordingly, the trial court's findings as to the amount of Husband's temporary alimony obligations were not supported by competent, substantial evidence.

Wife also failed to present any evidence that Husband failed to pay his temporary alimony and child support, or the specific amounts of such nonpayment. Although Wife alleged and argued that Husband did not meet his obligations, she did not prove it with evidence at the hearing. *See Bowen*, 471 So. 2d at 1278; *Alfred v. Dep't of Rev.*, 204 So. 3d 583, 585 (Fla. 4th DCA 2016) (reversing contempt order where no evidence presented on whether appellant failed to pay child support and how much he was in arrears). While the predecessor judge previously found Husband in contempt for failure to pay these obligations, the successor judge's reliance on that order to support its independent determination that Husband failed to pay was mistaken because the predecessor judge did not determine the amount of Husband's nonpayment up to that date and Wife did not present any proof of nonpayment from the June 21, 2022 order to the September 29, 2022 hearing.

Our reversal of the orders on appeal for the reasons above renders moot Husband's remaining arguments.

REVERSED.

10

LAMBERT and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____