300 So.2d 703 (1974)
Maurice GILMAN et al., Appellants,
v.
Robert ALTMAN et al., Appellees.
No. 74-651.
District Court of Appeal of Florida, Third District.
September 10, 1974.
Rehearing Denied October 14, 1974.
*704 Louis Vernell, Miami, for appellants.
Williams, Salomon, Kanner & Damian and Gary S. Brooks, Miami, for Altman and Rifas.
Harold P. Kravitz and Kenneth J. Duckworth, Hialeah, for Von Zamft.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
This appeal is from a judgment ordering specific performance of a contract to sell real property. The parties were: (1) Robert Altman and Harold Rifas, the plaintiffs, who are two of the appellees here; (2) Lary Von Zamft, a defendant, who was the record title holder and is an appellee here, and (3) Maurice Gilman, Harry Hirsch and Gilhar Properties, Inc., who were defendants and cross-complainants, and are appellants here.
The judgment made the following finding of fact:
* * * * * *
"4. At the commencement of the trial, the Plaintiff announced to the Court that a Stipulation had been entered into between all Defendants that whoever the Court determined owned title to the real property would close on the same terms and conditions of the Agreement to Sell and Purchase, attached and made a part of the Exhibit of the Plaintiff's Complaint. The Plaintiffs further announced that by Stipulation, HARRY HIRSCH was made a party to the action at the time of the taking of depositions with the consent of all parties and Mr. HIRSCH.

*705 "5. It was further stipulated by all parties present that the cause was at issue, and that all parties waived trial by jury, and that the announcements made by the Plaintiff were acceptable to all parties."
* * * * * *
This finding is supported by the record. See Rule 1.030(d), RCP.
In addition, the court made the following findings which are pertinent to this appeal:
* * * * * *
"7. The pleadings indicate that the Defendants MAURICE GILMAN and HARRY HIRSCH were parties without interest in the title, and the withdrawal of the cause of action by the Plaintiff against them, and their cause against the Plaintiff, rendered any further rulings with regards to them other than any interest they may or may not have in the Defendant GILHAR PROPERTIES, INC. moot and no longer of any further issue in this cause.
"8. The Defendant LARY VON ZAMFT and the Defendant GILHAR PROPERTIES, INC. both claimed ownership and title to the following legally described property:
The E 1/2 of the SE 1/4 of the NW 1/4 of the NE 1/4 of Section 9, Township 55 South, Range 40 East, lying and being in Dade County, Florida, less the North 35 feet for road right-of-way.
"9. By Stipulation of the parties, the sole issue before the Court was the issue of the ownership and title of the above legally described property.
"10. The Defendant LARY VON ZAMFT showed by testimony and documentary evidence that he had been the actual and beneficial owner of the property in question for a period of approximately seven years, prior to the trial of this cause, and that from that date to time of trial, has made all mortgage, tax and insurance payments.
"11. The testimony and evidence further showed that during said period, title was conveyed by said Defendant LARY VON ZAMFT to his brother in 1968, with a retention of the equitable title in said Defendant; that there was a conveyance in 1971 by his brother with the consent of said Defendant for no consideration, and solely for the providing of collateral to the Defendant GILHAR PROPERTIES, INC. to obtain mortgage financing for the acquisition by said corporation of another corporation, and that at all times, the property was to be owned by the Defendant LARY VON ZAMFT and the mortgage payments to be made by the GILHAR PROPERTIES, INC., and that the property would be re-conveyed to the Defendant LARY VON ZAMFT. That subsequent thereto, the evidence shows a conveyance from the corporation to the Defendant LARY VON ZAMFT.
"12. The unrebutted documentary evidence of a Certificate from the Secretary of State of the State of Florida shows that the Defendant GILHAR PROPERTIES, INC. was dissolved by the State of Florida on May 23, 1973, for non payment of taxes; that said dissolution occurred prior to the filing of this cause."
* * * * * *
Thereupon, the court found that Lary Von Zamft was the fee simple owner free and clear of the claims of Gilhar Properties, Inc., and ordered Von Zamft to convey the property to Rifas and Altman.
The appellants have presented three points on appeal. The first point urges that the evidence is insufficient to support the finding that Lary Von Zamft is the owner of the real property. Our review of the record convinces us that the evidence was sufficient. The second point urges error because the trial court did not provide the dissolved corporation "... the opportunity to establish and otherwise maintain their lawful claims to the property." *706 The corporation was dissolved prior to the filing of the suit. The corporation sought affirmative relief by counterclaim. The trial court correctly ruled that the burden was on the corporation to qualify itself or to proceed through its trustees. See Marinelli v. Weaver, Fla.App. 1968, 208 So.2d 489.
Appellant's third point is as follows:
"May the trial court properly enter an order of contempt upon the alleged failure and refusal of a contemnor to execute a quit claim deed and thereby divest himself of valuable rights, where it appears that no prior order had ever been entered directing him to do so and no lawful predicate for such requirement is otherwise demonstrated in the record."
This point arises from a post-trial order adjudging appellants Maurice Gilman and Harry Hirsch in contempt of court and sentencing them to thirty days in jail. The order provides that Gilman and Hirsch may purge themselves of contempt by
"... taking the steps necessary to effectuate passage of title to the property subject of this lawsuit to Plaintiffs, specifically by the execution of quit claim deeds to Plaintiffs or their designees..."
The order of contempt and the sentence thereupon cannot stand, because no order directing the execution of a deed appears in this record. See South Dade Farms v. Peters, Fla. 1956, 88 So.2d 891. Further, it is not proper for a court to force the execution of a deed by contempt where the court has the power to make its judgment effective by the appointment of a commissioner.
The judgment is affirmed and the order of contempt and sentence thereon are reversed.
Affirmed in part and reversed in part.