MOORE, Judge.
The appellant was adjudged guilty of contempt and was sentenced to serve 60 days in the Palm Beach County Jail. Provisions for purging herself of the contempt were provided in the order. She appeals the adjudication of contempt. We reverse.
The marriage of the parties to this appeal was dissolved in 1975. Incorporated in the final judgment of dissolution is a property settlement agreement which awards custody of the two minor children of the parties to the appellee. It allows the appellant “liberal reasonable rights of visitation.” In 1979, the parties executed an addendum to the agreement delineating in more detail the manner in which the visitation rights were to be exercised. The record does not reflect that the addendum was *896 ever presented to the court, nor was it ever incorporated in any court order. Yet, it is the addendum which the appellant allegedly violated, causing the adjudication of contempt. The issue before us is whether the appellant can be held in civil contempt for violating a private agreement. We hold that she cannot.
The purpose of punishment in civil contempt proceedings is to compel compliance with a court order for the benefit of the opposing party. See, In Re: Tierney, 328 So.2d 40, 46 (Fla. 4th DCA 1976). The punishment is conditioned upon the continued failure to comply with the court order. Here there was no court order; thus, there could have been no failure to comply.
Where no order which the alleged con-demnor has disobeyed appears in the record, an adjudication of contempt, and the sentence thereon, cannot stand. Gilman v. Altman, 300 So.2d 703 (Fla. 3d DCA 1974). Accordingly, the order adjudging the appellant in contempt of court is reversed.
GLICKSTEIN and HURLEY, JJ., concur.