UPCHURCH, Judge.
Estill and Mary Brewer appeal an order assessing a fine against them for refusal to execute a warranty deed to the Hibbards as required by an order of the court.
The Brewers leased property to Amoco Oil Company. The lease, which contained an option to purchase the property for $70,-000, was assigned to the Hibbards. The Hibbards exercised the option but the Brewers refused to execute the warranty deed. After suit was filed for specific performance, the court ordered the Brewers to convey the property.
The Brewers refused to convey the property and on July 3, 1980, the court ordered the Hibbards to deposit $70,000 in the registry of the court, provided for a writ of possession by the Hibbards and imposed a fine of $25.00 against the Brewers for each day of their continued refusal to execute the warranty deed. Pursuant to Florida Rule of Civil Procedure 1.570, the court also provided that its order and the final judgment in the case would constitute a conveyance of the property with full warranty as provided by sections 689.02 and *675 689.03, Florida Statutes (1979). The Brewers did not appeal this order nor did they execute the deed. Finally, on March 5, 1985, after numerous proceedings, the court found that the Brewers had refused to execute the deed and had made no application to withdraw the $70,000 on deposit in the registry of the court. The court then directed the clerk to withdraw $43,-250, the amount of the fine which had accrued since its July 3, 1980 order, from the registry of the court and to pay it into the fine and forfeiture fund. It is from that order the Brewers appeal.
We conclude that the court erred. A court cannot hold parties in contempt for having refused to do what the court has already done. Once the court had provided that its order would constitute a conveyance, imposing a fine served no useful purpose and was improper. See Gilman v. Altman, 300 So.2d 703 (Fla. 3d DCA 1974).
REVERSED.
COBB, C.J., and COWART, J., concur.