PER CURIAM.
 

 Matthew G. Dawson appeals an order holding him in contempt for disobeying the Final Judgment of Dissolution awarding the marital home to Jane M. Dawson as part of the equitable distribution scheme. The trial court found Mr. Dawson “knowingly and willfully in contempt of’ the Final Judgment for failing to execute a quit claim deed releasing his interest in the marital home. The court appointed a special master to execute the deed and ordered Mr. Dawson to pay his former wife’s attorney’s fees and costs incurred in the enforcement action. We reverse the order because the Final Judgment effectively conveyed Mr. Dawson’s interest in the marital home to his former wife and did not direct him to execute a quit claim deed.
 
 See
 
 § 61.075(4), Fla. Stat. (2008); Fla. R. Civ. P. 1.570(d).
 
 See also Gilman v. Altman,
 
 300 So.2d 703, 706 (Fla. 3d DCA 1974) (reversing contempt order where judgment ordering specific performance of contract to sell real property did not direct the execution of a quit claim deed).
 
 [1]
 

 REVERSED.
 

 WOLF, LEWIS, and MARSTILLER, JJ., concur.
 

 [1]
 

 . We note that under Rule 1.570(c), a court may enforce a judgment requiring performance of a specific act by
 
 either
 
 specifying the time within which the act must be performed, holding the noncompliant party in contempt,
 
 or
 
 appointing someone to perform the act. Thus, a court may not both hold a party in contempt and obtain performance of the act by other means.
 
 See Gilman
 
 at 706: