CONNER, J.
This is an appeal and cross-appeal involving two non-final orders. After reviewing the record carefully, we determine that we are without jurisdiction to address the issues raised on appeal and cross-appeal, except the denial of relief under Rule 1.540(b), Florida Rules of Civil Procedure. We find the trial court properly denied relief under Rule 1.540(b). Thus, we affirm the trial court’s denial of Rule 1.540(b) relief and dismiss the rest of the appeal and cross-appeal.
This litigation revolves around a written settlement agreement to extinguish an existing easement and obtain an alternate easement. Despite the settlement agreement, litigation has been ongoing for years. The trial court has entered various orders determining noncompliance with the settlement agreement, including findings of contempt. Joseph Nastasi, one of the defendants below, filed multiple motions seeking to vacate certain orders regarding compliance with the settlement agreement and seeking a determination that the settlement agreement is unenforceable as null and void.
Nastasi filed a notice of appeal as to the order of the trial court entered on Novem *409 ber 10, 2009.[1] The order pertained to a hearing on Plaintiff Daniel Thomas’s motion for fees and costs for noncompliance with the settlement agreement and Nasta-si’s cross-motions to vacate prior orders determining noncompliance. The hearing was conducted over several days, beginning September 8, 2008, continuing on February 27 and August 7, 2009, and concluding on November 2, 2009. In the November 10 order, the trial court ruled:
ORDERED AND ADJUDGED as follows:
1. Plaintiffs Renewed Motion to Enforce Settlement Agreement should be and the same is hereby GRANTED, as set forth in the attached transcript of the November 2.2009 hearing.
2. To the extent Plaintiff sought contempt sanctions against Defendant Nastasi, that relief should be and is hereby DENIED, as set forth in the attached transcript.
3. Defendant Nastasi’s Motion to Vacate Court Orders should be and the same is hereby DENIED as set forth in the attached transcript.
4. Ruling is reserved as to the amount of fees and costs to be awarded Plaintiff since the last fee award in this case on August 25, 2006.
5. The parties are directed to mediate.
(Emphasis added.) Attached to the order is a transcript of the hearing which explains the trial judge’s analysis leading to his rulings.
On November 30, 2009, the trial judge signed a second order regarding the same hearing. In that order, the trial court ruled:
1. Plaintiffs Renewed Motion to Enforce Settlement Agreement is GRANTED.
2. Plaintiffs Motion for Contempt Sanctions is DENIED.
3. The Motion to Set Aside the Settlement Agreement is DENIED.
4. Joseph Nastasi and Frank Volinsky have not fully complied with the terms of the Settlement Agreement.
5. Based on the Settlement Agreement, there is no contractual obligation for Joseph Nastasi to obtain the easement over the Eassey property.
6. Joseph Nastasi and Frank Volinsky are required to comply with the terms of the Settlement Agreement.
7. The parties are ordered to Mediation.
8. This Court reserves ruling on attorney’s fees and costs in this matter.
(Emphasis added.) The rulings of both orders are the same except that the November 30 order contains two written determinations regarding compliance with the settlement agreement not found within the November 10 order. Those determinations were stated in the transcript attached to the November 10 order.
On December 2, 2009, Nastasi filed a motion for clarification directed to the November 10 order.[2] Before any hearing *410 was set on the motion for clarification, Nastasi filed this appeal.[3] Nastasi obtained leave to proceed with the motion for clarification before the trial court. Thomas then filed a motion to vacate the November 30 order and to deny the motion for clarification. On January 25, 2010, the trial court entered an order on Thomas’s motion to vacate the November 30 order. The order entered by the trial court on January 25 contained the following rulings:
The motion to vacate 11/30/09 Order is Denied; said Order shall remain in effect.
The Court hereby vacates the Order of this Court dated November 17, 2009.[4]
The Defendants’ Motion for Sanctions as heard this date is Denied.
Thomas filed a cross-appeal as to the January 25 order.
Nastasi contends in his brief that we have jurisdiction to entertain this appeal because the trial court’s order granting a motion to enforce the settlement agreement constitutes a final order, citing Baron v. Provencial, 908 So.2d 526 (Fla. 4th DCA 2005); Spiegel v. H. Allen Holmes, Inc., 834 So.2d 295 (Fla. 4th DCA 2002); Nichols v. May Department Stores Co., 632 So.2d 293 (Fla. 4th DCA 1994); and Travelers Indemnity Co. v. Walker, 401 So.2d 1147 (Fla. 3d DCA 1981) as authority for jurisdiction. We find those cases inapposite because in each case, the order enforcing the settlement agreement made it clear that no further judicial labor was needed on the primary issues in the litigation.
Here, the trial court determined it was appropriate to send the parties to mediation. Thus, it cannot be said that no further judicial labor is needed. Since both November orders will require additional judicial labor after mediation, the rulings regarding enforcement in both orders are non-final and non-appealable. Because both are virtually the same and because the November 30 order avoids having to review a transcript to determine what the court actually ruled, it makes sense that the trial court would vacate the November 10 order. The cross-appeal as to the January 25 ruling regarding the motion for sanctions likewise is a non-final, non-appealable order.
Alternatively, Nastasi asserts we have jurisdiction pursuant to rule 9.130(a)(3)(B), Florida Rules of Appellate Procedure, because the trial court’s order is in the nature of an injunction; pursuant to Rule 9.130(3)(a)(C)(ii), because the trial court’s order concerns real property and has left Nastasi without access to his property; and pursuant to Rule 9.130(a)(5), because the trial court’s order is an order denying an authorized and timely motion for relief from judgment. The record does not support the first two assertions for jurisdiction. Neither of the November orders constitutes an injunction nor gives the right of immediate possession of property to any party.
The rulings denying Rule 1.540 relief are the only portions of the non-final orders that are appealable. Fla. RApp. P. 9.130(a)(5). Nastasi asserted in his motion that the prior orders should be vacated because as contempt orders they are void and because newly discovered evidence justifies relief from those orders. We do not find Nastasi’s arguments that the or *411 ders are void to have merit. The trial court properly denied the motion to vacate on those grounds.[5]
We likewise find no merit to Nastasi’s assertion that the prior orders should be vacated because of newly discovered evidence. First, the motion for relief of judgment is untimely since it was filed more than one year after the orders being attacked. Fla. R. Civ. P. 1.540(b). Second, Nastasi’s assertion that he exercised his option to declare the settlement agreement null and void after the trial court entered the orders finding he had not complied with the settlement agreement does not constitute newly discovered evidence to grant relief under Rule 1.540(b). “A motion for rehearing based on newly discovered evidence should be granted when ... it appears that new evidence is such that it will probably change the result of the proceedings.” Edrington v. Edrington, 945 So.2d 608, 610 (Fla. 4th DCA 2006). Evidence that comes into existence after the court determines non-compliance with a settlement agreement cannot possibly change the outcome of a decision as to whether a party is in compliance with an agreement as of the date of the hearing.
Thomas does not assert in his brief on cross-appeal any basis for jurisdiction regarding the non-final order he appealed, and we find no basis for jurisdiction for the cross-appeal.
As noted by the trial court, there have been years of litigation revolving around a settlement agreement, yet the underlying easement dispute remains unresolved. To hopefully avoid future appellate issues, because further enforcement proceedings are likely, we make an observation for the benefit of the parties and the trial court: contempt sanctions are appropriate only when a court order has been violated. A settlement agreement must be incorporated into a court order approving it, and the order must also direct the parties to comply with it before contempt sanctions are appropriate. See Holmes v. Coolman, 401 So.2d 895 (Fla. 4th DCA 1981) (explaining former wife could not be held in contempt for violation of an agreement not incorporated in any court order); Gilman v. Altman, 300 So.2d 703 (Fla. 3d DCA 1974) (stating where no order directing execution of a deed appeared in the record, order of contempt cannot stand).
We determine that none of the non-final orders appealed are appealable under Rule 9.130, Florida Rules of Appellate Procedure, except the ruling which denied the motion to vacate pursuant to Rule 1.540(b), Florida Rules of Civil Procedure. For the reasons discussed above, we affirm the denial of the motions to vacate to the extent they assert grounds under Rule 1.540(b), and we dismiss the rest of the appeal and cross-appeal.

Affirmed, in part and dismissed in part.

POLEN and GROSS, JJ., concur.

. Nastasi maintains on appeal that the trial court entered an order on November 17, 2009. However, the record supplied to this court contains no order with that date. Although the trial court entered an order on January 25, 2010, which makes reference to a November 17 order, it appears on closer inspection of the November 10 order that the handwritten number 'TO” has an appearance of maybe being ”17,” so we assume Nastasi and the trial court mistakenly referred to the November 10 order as the November 17 order.

. The motion actually made reference to a November 17 order, but again, we find no order dated November 17, so it appears the *410 motion was really directed to the November 10 order.

. Again, it appears the trial court was actually referring to the November 10 order.

. Nastasi contended the orders are void because he did not have notice of the hearing conducted on March 3, 2008, in which he was found in contempt. The trial court properly determined Nastasi had notice of the hearing. Nastasi also contends the orders are void because they do not state a finding that he had the ability to comply with prior court orders. That argument has no merit because the orders attacked did not impose any sanctions.