DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL STUSCH,**
Appellant,

v.

**THE MATTER OF JENNIFER K. JIRUSKA,**
Appellee.

No. 4D14-4414

[January 6, 2016]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy Bailey, Judge; L.T. Case No. 13-00407 FMCE (41)(97).

Wendy J. Stein and Stephanie M. Michel of Keller Landsberg PA, Fort Lauderdale, for appellant.

Craig J. Trocino of Michael Gottlieb, PA, Fort Lauderdale, for appellee.

CIKLIN, C.J.

Appellant Michael Stusch appeals an order holding him in civil contempt for failure to pay child care expenses, guardian ad litem fees, and attorney's fees. Because we find that the trial court erred in conducting the contempt hearing in Stusch's absence, we reverse and remand for a new contempt hearing. We also write to address several mistakes included in the contempt order.[1]

### *Factual and Procedural Background*

Stusch ("the father"), a German citizen, and appellee Jennifer Jiruska ("the mother"), a United States citizen, are the parents of a minor child born in Spain in 2012. Approximately six months after the child's birth,

---

[1] At the outset, we note that both the circuit court below, and now this court, are constrained and handicapped by Spanish to English translation of numerous documents from a Spanish court that, at least in generally accepted English legalese, appear confusing.

the parties ended their romantic relationship and the mother moved to Florida with the child.

In July 2013, the Spanish court entered a final judgment determining paternity, child support, time sharing, and other issues between the parties. The judgment awarded primary custody of the child to the mother and requires the father to pay monthly support. Additionally, the father was required to pay seventy-five percent of "extraordinary expenses" "having a medical or pharmaceutical origin . . . and those which, having an origin in the child's play or academic activity, were agreed to be undertaken or incurred by both parents, or which in default or absence of that would be [or were][2] judicially authorized." The Spanish judgment further states that expenses "having an origin in the child's play or academic activity and which do not count for their being undertaken or incurred on the agreement of both parents or the substitutory judicial authorization" shall be paid entirely by whichever parent "determines that said expense(s) is (are) to be realized."

The mother registered the Spanish judgment in the Florida circuit court in October 2013. In April 2014, the Florida circuit court entered an order confirming the registration and finding that it had jurisdiction to "enforce and clarify" the Spanish judgment. The Florida court appointed a guardian ad litem and ordered the father to pay seventy-five percent of the guardian's initial fee. The court also required the father to stipulate to his ability to pay "allocated court ordered attorney's fees and costs in this matter, if any."

In May 2014, the mother filed a motion for contempt and for clarification of the father's obligation to pay child-related expenses. She asked the trial court to order the father to pay his share of medical expenses and all other "reasonable" child care expenses, to hold the father in contempt for his failure to pay, and to impose attorney's fees as a sanction for contempt.

The motion was originally noticed for hearing on August 29, 2014, but the court subsequently rescheduled the hearing to October 9, 2014. The

---

[2] The body of the Spanish judgment, in the English translation, reads "*would be* judicially authorized." But under the "decree" heading at the end of the judgment, the language in the judgment under our review is changed to "*were* judicially authorized." Although it is not relevant to the issues on appeal, we note that this latter section does not seem to appear in any portion of the final section of the original Spanish judgment.

father sent a letter to the Florida circuit court which was received on September 24, 2014. The father's letter stated in part:

> I have to let you know that I'm not able to join the hearing on the 9th of October 2014 in person, because I just left yesterday the hospital with an intervertebral discs infection, have to go back to hospital on the 25th of September and I'm not able to fly in an airplane for at least 2 month [sic]. I will also attache [sic] the hospital and doctor statements. I can offer you to be available by phone on the 9th of October 2014, if you need to talk to me personally and my statements below are not sufficient enough to dismiss the motion.

The father's letterhead contained two telephone numbers, one of which was identified as a cell phone number, and an e-mail address. The father further stated in the letter that pursuant to the Spanish judgment, he is obligated to pay seventy-five percent of medical or academic expenses only if he agrees to incur them, and that only the Spanish court has jurisdiction to modify the Spanish judgment.

The court held the hearing as scheduled, without the father being present either in person or via telephone. The guardian ad litem informed the court that the father had not paid his portion of the guardian ad litem's initial fee. The mother testified that the father had never paid for any medical or academic expenses for the child and would not agree to pay for any costs incurred in the United States because he believed the child should be raised in Europe. In support of her motion for attorney's fees, the mother's attorney presented an affidavit and billing records dated immediately after the Spanish judgment was entered.

The Florida circuit court made findings on the record and later entered a written order.[3] The court found the father in contempt for failing to pay seventy-five percent of medical and academic expenses in the amount of $5,283.35; seventy-five percent of the guardian ad litem's

---

[3] The order was prepared by the mother's attorney and adopted verbatim by the court. It appears that the father did not have a meaningful opportunity to review the proposed order before it was signed. However, reversal is not warranted on this point because the order is mostly consistent with the court's oral rulings. *See Damiani v. Damiani*, 835 So. 2d 1168, 1170-71 (Fla. 4th DCA 2002).

fee in the amount of $2,625.00; and attorney's fees and costs in the amount of $29,077.09.

The father subsequently retained Florida counsel and filed a timely motion for rehearing. The trial court denied the motion following a hearing.

### *Due Process Considerations*

The father argues that the trial court abused its discretion in failing to continue the contempt hearing or allow him to appear by telephone. We agree.

Although the father did not expressly ask for a continuance or demand to appear by phone, the court should have construed his pro se pleading liberally. *See, e.g., James v. Crews*, 132 So. 3d 896, 899 (Fla. 1st DCA 2014). The father's letter stated that he would be available by phone, if the court did not find his written statements sufficient to dismiss the motion. Clearly implied was a desire to appear, at least by phone, if the mother's motion was not going to be dismissed. It is clear that the father did not expect to be held in contempt for over $35,000.00 without being heard.

At the commencement of the subject hearing, the court mistakenly stated, "He said he'd love to appear by phone but he didn't give me his phone number." The father's letterhead contained two phone numbers and an e-mail address. The court received the letter fifteen days before the hearing, and easily could have continued the hearing or contacted the father to make arrangements for him to appear by phone.

The father was entitled to basic due process and fundamental fairness, including adequate notice and an opportunity to be heard. *See Haeberli v. Haeberli*, 157 So. 3d 489, 490 (Fla. 5th DCA 2015); *Cervieri v. Cervieri*, 814 So. 2d 528, 529 (Fla. 4th DCA 2002). In considering whether a trial court abused its discretion in failing to continue a hearing, we consider "whether the denial of the continuance creates an injustice for the movant; whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would suffer any prejudice or inconvenience as the result of a continuance." *Ryan v. Ryan*, 927 So. 2d 109, 111 (Fla. 4th DCA 2006) (quoting *Fleming v. Fleming*, 710 So. 2d 601, 603 (Fla. 4th DCA 1998)).

4

Here, all of the factors weigh against the court: the father was held in contempt for over $35,000.00 without being able to present evidence or argument on his own behalf; he was prevented from traveling due to an alleged unforeseen medical condition; and there is no indication that the mother would have been prejudiced by continuing the hearing for two months until the father could travel to the United States.

The father was entitled to a meaningful opportunity to be heard before being held in contempt. We find that the trial court abused its discretion in failing to continue the hearing or allow the father to appear by phone. We therefore reverse and remand for a new contempt hearing.

### *Errors in the Contempt Order*

Although not necessary to our ultimate decision in this case, we also write to address numerous errors in the contempt order.

First, we find that the trial court erred in holding the father in contempt for failing to pay attorney's fees. We generally review a judgment of contempt for an abuse of discretion. *See DeMello v. Buckman*, 914 So. 2d 1090, 1093 (Fla. 4th DCA 2005). However, "[a] judge cannot base contempt upon noncompliance with something an order does not say." *Keitel v. Keitel*, 716 So. 2d 842, 845 (Fla. 4th DCA 1998) (Farmer, J., concurring); *see also Nastasi v. Thomas*, 88 So. 3d 407, 411 (Fla. 4th DCA 2012) (recognizing that contempt sanction was not appropriate for a violation of a settlement agreement where the settlement agreement was not incorporated into a court order). Under such circumstances, we review the order de novo. *See Wilcoxon v. Moller*, 132 So. 3d 281, 286 (Fla. 4th DCA 2014).

The father was never ordered to pay attorney's fees prior to the filing of the motion for contempt. The court's order stated that it imposed attorney's fees as a sanction for contempt, which is permissible. *See, e.g., Worthington v. Harty*, 677 So. 2d 1371, 1371-72 (Fla. 4th DCA 1996). However, the court cannot in the same order hold the father in contempt for *failure to pay attorney's fees in the first instance* because the father has not violated any court order by failing to do so.

Second, we find that the court erred in failing to limit the amount of the fees imposed to those directly related to the motion for contempt. When a court imposes attorney's fees as a sanction for civil contempt, the fees must be based on evidence of the injured party's actual loss and must be directly related to the successful motion for contempt. *See Levine v. Keaster*, 862 So. 2d 876, 880 (Fla. 4th DCA 2003).

5

The court in this case ordered the father to pay all fees and costs incurred by the mother from the date of the Spanish judgment. This case has been heavily litigated since the Spanish judgment was entered, and the trial court failed to make any findings regarding what portion of the fees were incurred in obtaining the subsequent contempt order. If the trial court on remand again finds the father in contempt and imposes fees as a sanction, it must ensure that the fees are limited to those directly related to the successful motion for contempt.

Third, we find that the court erred in imposing attorney's fees without making the necessary proper findings. When a trial court awards attorney's fees, it must set forth specific findings concerning the hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors. *See Campbell v. Campbell*, 46 So. 3d 1221, 1222-23 (Fla. 4th DCA 2010). "[A] fee award simply taking the amount charged by the attorney and determining it to be reasonable is improper and an abuse of discretion." *Id.* at 1223. That portion of the order in this case simply states that the fees incurred and the hourly rate charged are reasonable. If the trial court on remand again finds the father in contempt and imposes fees, it must make the required specific findings.

Finally, we find that the court erred in holding the father in contempt for failing to pay seventy-five percent of all child-related expenses. The Florida circuit court's order states that the father is required to pay "uncovered medical or pharmaceutical expenses and those 'which, having an origin in the child's play or academic activity' at a pro-rata share of seventy five percent." Yet as confusing as some parts of the Spanish judgment may be, a plain reading of the Spanish judgment indicates that, as to expenses "having an origin in the child's play or academic activity," the father is required to pay seventy-five percent only if the expense is either agreed to by both parents or judicially authorized; otherwise, the parent incurring the expense must pay it. (As to expenses "having a medical or pharmaceutical origin," the father is required to pay seventy-five percent regardless of whether he agrees to incur the expense.)

Again, contempt cannot be based on noncompliance with something the previous order does not say. *See Nastasi*, 88 So. 3d at 411. The father cannot be held in contempt for failure to pay seventy-five percent of expenses "having an origin in the child's play or academic activity" because he has not violated any court order by failing to do so. The trial court may have jurisdiction to authorize certain expenses, thus triggering

6

the father's obligation to pay seventy-five percent, but that issue is not before us. To reiterate, regardless, the court cannot authorize expenses and in the same order hold the father in contempt for failing to pay them. If the court on remand again finds the father in contempt, it is directed to reconsider the evidence to separate the medical and pharmaceutical expenses, which the father is clearly obligated to pay, from the "play and academic expenses."

Because we find that the trial court erred in failing to continue the contempt hearing or allowing the father to appear by telephone, we reverse and remand for a new contempt hearing. We direct the trial court, if it again finds the father in contempt, to ensure that its order is consistent with this opinion.

*Reversed and remanded with instructions.*

TAYLOR and GERBER, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**