DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EVAN W. TURK,**
Appellant,

v.

**MEREDITH H. TURK,**
Appellee.

No. 4D15-668

[April 27, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 502013DR012071XXXXMB.

Craig A. Boudreau, West Palm Beach, for appellant.

Gary D. Weiner and Scott M. Weiss of Weiner & Weiss, LLC, Boca Raton, for appellee.

CIKLIN, C.J.

Evan W. Turk ("the father") timely appeals an order finding him in contempt of court for not complying with the timesharing agreement with Meredith H. Turk ("the mother"). We agree with the father's argument that the agreement did not require him to permit visitation on the date he allegedly violated the agreement. Therefore, we reverse.

Under a section entitled "Winter Break," the timesharing agreement states that "[t]he Mother shall have the children during the time where a caregiver is needed if she is not working," and the regular schedule will be in place otherwise. The children had the day off from school on October 16, 2014, a day on which the father was otherwise scheduled to have the children. Although the father previously indicated to the mother in an e-mail that he would drop off the children with her that day, he apparently changed his mind and stayed with the children on October 16th.

The mother then filed a motion for contempt alleging that the father knowingly and intentionally withheld the children from her on October

16, 2014 in violation of the section of the agreement. The trial court granted her motion and issued the order that is now on review.

On appeal, the father argues that the timesharing provision at issue did not apply to the date in question because a reasonable interpretation of "Winter Break" does not include one single day in October in which the children had no school.

We agree with the father's interpretation of the agreement, and because a person cannot be held in contempt for failure to comply with something that a judicial order does not say, we reverse. *See Stusch v. Jiruska*, 41 Fla. L. Weekly D129 (Fla. 4th DCA Jan. 6, 2016) ("'[A] judge cannot base contempt upon noncompliance with something an order does not say.'" (quoting *Keitel v. Keitel*, 716 So. 2d 842, 845 (Fla. 4th DCA 1998) (Farmer, J., concurring))).

*Reversed.*

WARNER and KLINGENSMITH, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2