IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AGUSTIN RATON,

      Appellant,

 v.                                                                    Case No.  5D15-4184

BRYDIE K. WALLACE F/K/A
BRYDIE K. RATON,

      Appellee.

_____/

Opinion filed December 22, 2016

Appeal from the Circuit Court
for Orange County,
Heather Pinder Rodriguez,
Judge.

Mikaela Nix, Orlando, for Appellant.

N. Diane Holmes, of N. Diane Holmes, P.A.,
Orlando, for Appellee.


PER CURIAM.

Former Husband, Agustin Raton, appeals the trial court's denial of his motion

seeking to hold Former Wife, Brydie Wallace, in contempt.   Former Husband first

addresses the trial court's order finding that Former Wife was entitled to attorney's fees.

The amount of fees, however, has not yet been determined.  We dismiss that portion of

the appeal without consideration of the merits, because an order awarding attorney's fees

with the amount to be later determined is not an appealable order. *See Rausch v. Rausch*, 680 So. 2d 624, 624-25 (Fla. 5th DCA 1996).

Former Husband secondly asserts that Former Wife should have been found in contempt of court based upon her changing the therapist who provides counseling to their children. The parties' marital settlement agreement ("MSA") specified that their children would attend counseling with Dr. Meade, whose office is located in Orange County, Florida. When Former Wife relocated the children to Merritt Island, attending therapy sessions with Dr. Meade became impractical. Former Wife thereafter made arrangements with a different therapist in Merritt Island to provide counseling services for the children. The MSA did not state that Dr. Meade was the only acceptable therapist, nor did it specify how long Dr. Meade was to be the children's therapist. We agree with the trial court that Former Wife was complying with the intent of the MSA by continuing to take the children for counseling. Thus, we find that the trial court did not abuse its discretion in denying Former Husband's motion to hold Former Wife in contempt. *See Stusch v. Jiruska,* 188 So. 3d 874, 878 (Fla. 4th DCA 2016)*; Bertuglia v. Roe,* 42 So. 3d 285, 285 (Fla. 5th DCA 2010).

AFFIRMED IN PART AND DISMISSED IN PART.


SAWAYA, BERGER, and EDWARDS, JJ., concur.