IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JACQUELINE VARNER,

      Appellant,

v.

                                        Case No. 5D23-107
                                        LT Case No. 2013-DR-002635

BRIAN VARNER,

      Appellee.

_____/

Opinion filed February 17, 2023

Appeal from the Circuit Court
for Duval County,
Suzanne Bass, Judge.

Jason Brian Phillips, of J.
Brian Phillips, P.A., Orlando,
for Appellant.

No Appearance for Appellee.

PER CURIAM.

      Jacqueline Varner ("Mother") appeals the trial court's order finding her

in contempt and awarding Brian Varner ("Father") seventeen make-up

visitation days with the parties' minor child. We reverse the finding of contempt and dismiss the challenge to the make-up visitation as moot.

I.

The parties divorced in 2015. As part of the second amended final judgment of divorce entered on September 28, 2015, the trial court issued a parenting plan for the parties' child. Among its other provisions, the parenting plan designated Palm Coast as the meeting place where the parties would exchange the child for timesharing purposes. The record indicates that the parenting plan from the second amended final judgment remains in effect.[1]

On April 11, 2022, the trial court entered the contempt order that is the subject of this appeal. Therein, the court found Mother in contempt because "she has been returning to Columbia County on a regular basis" without bringing the parties' child with her so that Father could exercise timesharing. The order also suggests the court found Mother in contempt because she did not personally transport the child to the designated meeting spot for the March 11, 2022 timesharing appointment. In addition to finding Mother in

---

[1] The trial court resolved any uncertainty on this point on March 7, 2022, when it entered an order that, among other things, reinstated the parenting plan in the "Second Amended Final Judgment of Dissolution entered on September 28, 2015."

contempt, the court awarded Father seventeen overnight visits as make-up timesharing.

## II.

A court may not hold a party in contempt for violating a court order unless the order is clear and precise, and the party's behavior is a clear violation thereof. *Fernandes v. Fernandes*, 114 So. 3d 972, 976 (Fla. 5th DCA 2012). The court must find that the party has the present ability to comply with the order but willfully refuses to do so. *Wolf v. Wolf*, 296 So. 3d 479, 485 (Fla. 2d DCA 2020).

"A trial court's determination that a party is in willful contempt of court must be based upon competent substantial evidence and is subject to an abuse of discretion standard of review." *Pace v. Pace*, 295 So. 3d 898, 900 (Fla. 5th DCA 2020). However, a legal error standard applies when the trial court based its contempt ruling on an erroneous reading of the prior court order. *DeMello v. Buckman*, 914 So. 2d 1090, 1093 (Fla. 4th DCA 2005).

Here, the trial court found Mother in contempt because "she has been returning to Columbia County on a regular basis" but has not tried "to bring the minor child with her or to make him available to the Former Husband for timesharing." Mother argues that because the parenting plan does not require her to make the child available for timesharing whenever Mother

3

returns to Columbia County, the court erred by finding this behavior contemptible. We agree.

The parenting plan provides that timesharing exchanges "shall occur at Palm Coast, Florida unless both parties agree in advance to a different meeting place." The parenting plan makes no mention of Columbia County. Because Mother's failure to make the child available for timesharing whenever she traveled to Columbia County was not a violation of a prior court order, the court erred by holding Mother in contempt on that basis. *See Fernandes*, 114 So. 3d at 976; *Turk v. Turk*, 189 So. 3d 359, 359 (Fla. 4th DCA 2016) ("We agree with the father's interpretation of the agreement, and because a person cannot be held in contempt for failure to comply with something that a judicial order does not say, we reverse.").

Mother also argues that because she was subject to an order in a criminal case that barred her from having contact with Father, she cannot be held in contempt for failing to personally deliver the child to Father for the March 11, 2022 timesharing exchange. Indeed, the court's contempt order found that Mother "has a pending misdemeanor case in Columbia County, Florida for domestic battery wherein the Former Husband, Brian Varner is the victim. The Mother has a no contact order with the Father as a result of this case."

4

To the extent that such was required by the parenting plan,[2] Mother did not appear—given the court's finding about the no-contact order—to have the present ability to personally deliver the child to Father for timesharing. Therefore, before finding Mother in contempt on that basis, the court should have made findings about the effect of the no-contact order, the existence of which the court expressly acknowledged in its order of contempt. *See Dep't of Child. & Fams. v. R.H.*, 819 So. 2d 858, 862 (Fla. 5th DCA 2002) ("Florida courts also require that in order to find an individual in contempt, the trial court must find that the contemnor had the ability to comply with the previous court order."); *see also* § 903.047(1)(b), Fla. Stat. (2022) (setting forth the general parameters of no-contact orders in criminal cases).

As for the award of make-up timesharing, section 61.13 instructs the trial court to award a parent with compensatory timesharing in a manner consistent with the child's best interests when the other parent "refuses to honor the time-sharing schedule in the parenting plan without proper cause."

---

[2] Mother also argues that the parenting plan is not clear and definite enough to hold her in contempt for failing to personally transport the child to the timesharing exchange. *See DeMello*, 914 So. 2d at 1094 ("Implied or inherent provisions of a final judgment cannot serve as a basis for an order of contempt."). However, the record does not reflect that Mother preserved this specific argument for review. *See Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985).

§ 61.13(4)(c), Fla. Stat. (2022). Mother argues that the trial court erred by not making findings about whether the manner of make-up timesharing here served the child's best interests. *See Cheek v. Hesik*, 73 So. 3d 340, 343–44 (Fla. 1st DCA 2011). However, because there is no transcript of the contempt hearing, the lack of best interest findings in the written order is not reversible error. *See Nunes v. Nunes*, 112 So. 3d 696, 701–02 (Fla. 4th DCA 2013).

Furthermore, because the scheduled dates of the make-up timesharing have already occurred, this issue is now moot. *See Cancellari v. Rance*, 779 So. 2d 373, 374 (Fla. 2d DCA 2000) (dismissing as moot the mother's appeal of a trial court order that awarded the father ninety days of make-up visitation because, even though there were "substantial problems" with the order, the period of make-up visitation had since ended). However, this does not also render moot the portion of the court's order that found Mother in contempt. *See Marconi v. Walther*, 819 So. 2d 936, 938 (Fla. 2d DCA 2002) (rejecting a mootness argument because "it would be unfair to allow an order in the court file to continue to show that the husband had been found in contempt for failure to meet a financial obligation when the finding of contempt was improper"); *see also Baldwin v. Baldwin*, 204 So. 3d 565, 567 (Fla. 5th DCA 2016) (dispensing with mootness concerns and

6

remanding with instructions to vacate a contempt order because the underlying issue was likely to recur).

III.

In sum, we reverse the trial court's finding of contempt and remand with directions to vacate that portion of the court's order. We dismiss Mother's challenge to the award of make-up timesharing as moot. Finally, we also remand Mother's motion for appellate attorney's fees to the trial court with instructions to award those fees if Mother establishes her entitlement to them under section 61.16, Florida Statutes. *See Abouzaid v. Helmy*, 326 So. 3d 209, 209–10 (Fla. 5th DCA 2021).

REVERSED and REMANDED in part; DISMISSED in part.

MAKAR, EDWARDS and JAY, JJ., concur.